Matter of Rose V. (Scali) (2019 NY Slip Op 02886)





Matter of Rose V. (Scali)


2019 NY Slip Op 02886


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00348
 (Index No. 100181/11)

[*1]In the Matter of Rose. (Anonymous). Thomas Scali, respondent; United Guardianship Services, appellant.


Miller & Milone, P.C., Garden City, NY (Tammy Rose Lawlor and Sara A. Chussler of counsel), for appellant.
Connors and Sullivan, PLLC, Brooklyn, NY (Kristofer J. Kasnicki of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Rose V., an incapacitated person, United Guardianship Services appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 17, 2016. The order, insofar as appealed from, granted that branch of the petitioner's motion which was to surcharge United Guardianship Services the principal sum of $82,000.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petitioner's motion which was to surcharge United Guardianship Services the principal sum of $82,000 is denied.
On December 23, 2011, United Guardianship Services (hereinafter UGS) was appointed to serve as the temporary guardian of Rose V., an incapacitated person, pursuant to Mental Hygiene Law (hereinafter MHL) article 81. UGS was later appointed as the permanent guardian of the person and property of Rose V. The following year, UGS was accused of impropriety and consented to being removed as guardian. By order of the Supreme Court dated August 14, 2013, the petitioner, Thomas Scali, was appointed as the successor guardian of the person and property of Rose V.
On April 2, 2014, Rose V. died. UGS issued a final report and accounting on January 18, 2015, and moved to settle the final report. A referee was appointed to review the final report. The referee questioned why UGS paid medical expenses for Rose V. from a savings account instead of transferring assets to an inter vivos irrevocable trust, in order to obtain Medicaid benefits. The referee did not recommend that the final report be judicially settled, and asked the Court to schedule the matter for a conference.
By notice of motion dated November 10, 2015, approximately four months after the referee issued his report, Scali moved to surcharge UGS $62,000 for "the unreasonable and improper payment of medical expenses which should have been paid by Medicaid" and $20,000 because funds that the court had previously ordered Rose V.'s son to pay UGS for Rose V.'s benefit were paid out of the trust, and not from a checking account. The Supreme Court found that UGS breached [*2]fiduciary duties owed to Rose V., and, inter alia, ordered UGS to reimburse Scali in the principal sum of $82,000. UGS appeals.
We disagree with the Supreme Court's determination, in effect, that Scali had the authority to move on behalf of the estate of Rose V. Upon the death of an incapacitated person, the court appointing the guardian shall discharge the guardian or modify the power of the guardian where appropriate (see Mental Hygiene Law § 81.36[a][3]; Matter of Vita V. [Cara B.], 100 AD3d 913, 914). Thus, the death of an incapacitated person deprives a guardian of the authority to continue representing that person and his or her property, unless the court that appointed the guardian enters an order modifying his or her authority to allow for the representation of the estate of the incapacitated person (see Matter of Shannon, 25 NY3d 345, 350; Matter of Vita V. [Cara B.], 100 AD3d at 914). Here, Scali filed the motion to impose surcharges on UGS after Rose V.'s death, in the absence of an order modifying his authority to allow him to represent Rose V.'s estate. Thus, when Scali filed this motion, he lacked the authority to do so, and the Supreme Court should have denied the motion.
In his appellate brief, Scali concedes that he did not file his motion for surcharges to recover assets on behalf of Rose V.'s estate or in his capacity as her guardian. Rather, he asserts that he filed his motion for surcharges "under his rights as an interested party pursuant to MHL 81.16." This contention is raised for the first time on appeal and does not involve a pure question of law that appears on the face of the record which could not have been avoided if raised before the Supreme Court (see Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465-466; Dongyang Jiutai Clothing Co., Ltd. v Lady Emerald, Inc., 157 AD3d 936, 936-937). Therefore, it is not properly before this Court.
In light of our determination, we need not reach the parties' remaining contentions.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court